FILED
2007 Feb-23  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA D.SCHLARB, | ) | |
| | ) | |
| | ) | No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY DEMANDED |
| ALATRADE FOODS, L.L.C., a Limited | ) | |
| Liability Company, DAVIS LEE, PATTY | ) | |
| YANCY, DANNY YANCYand X Y Z as | ) | |
| FICTITIOUS PARTIES, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I.   NATURE OF ACTION

1.  This is an action brought by the plaintiff Lisa Schlarb, who was a founder and part owner of a personnel staffing business that was to be named "Job Source". She was deprived of her ownership interest by defendants pursuit of a scheme to hire a workforce comprised of substantially undocumented illegal immigrants. She was also deprived of business relations unhampered by a scheme prohibited by RICO.

2.  The complaint contends that the plaintiff Lisa Schlarb, Catherine Black and Velma Lopez have been victimized by a scheme perpetrated by Alatrade Foods, L.L.C. (Alatrade) and the other defendants to depress wages paid to the employees of Alatrade and thus increase profits.

1

3.    Alatrade and the other defendants perpetrated the illegal Immigrant Hiring Scheme through a temporary employment agency which hires illegal immigrants.

4.    The work at Alatrade is grueling and dangerous the company avoids paying market wages to its employees as a result of the successful perpetration of the Illegal Immigrant Hiring Scheme.

5.    Alatrade is engaged in the further processing of poultry purchased primarily from Tyson Foods, which reportedly is the world's largest poultry processor. Alatrade primarily works hourly wage earners at its three processing plants located in Marshall County, Alabama.

6.    The Illegal Immigrant Hiring Scheme violates the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (RICO) and has directly and proximately caused the plaintiff to lose her interest in a personnel Staffing Company by the name of "Job Source, L.L.C".

## II.    PARTIES AND JURISDICTION

7.    Plaintiff Schlarb is a U.S. citizen and a resident of Marshall County, Alabama. She is one of the founders of a personnel staffing company located in Albertville, Alabama, by the name of Job Source, L.L.C.

8.    Defendant Alatrade is a person within the meaning of title 18 U.S.C. § 1961. Defendant Alatrade is believed to be an L.L.C., with its principle offices located in Guntersville, Alabama, with its processing plants located in Albertville and Boaz, Marshall County, Alabama. Defendant Davis Lee is a resident of Marshall County, Alabama and is the owner and chief operating office of Alatrade. Defendant Patty Yancy is a resident of Marshall County, Alabama and is the chief financial officer of Alatrade

2

and does accounting work for Job Source, L.L.C. Defendant Danny Yancy is the husband of Patty Yancy is a resident of Marshall County, Alabama and is an original member of Job Source, L.L.C., and purportedly the owner of a majority interest of Job Source, L.L.C.

9. The fictitious party or parties is that Alatrade entity or entities that utilized temporary employees of Job Source, L.L.C. from June 2002 to 2006 whose correct description shall be supplied by amendment when accertained.

10. Defendants Alatrade, Lee, and the Yancys have committed a pattern of racketeering activity in this district.

11. This Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 1964 (a)(c)(d).

### III.   STATEMENT OF OPERATIVE FACTS

12. For at least the past five years Alatrade had been engaged in the further processing of poultry. Since 2001 Alatrade has grown from a workforce of approximately 250 employees to more than 1200 and has expanded from one processing plant to three. The work in those plants is done primarily by hourly unskilled wage earners.

13. Alatrade has aggressively engaged in an effort to reduce labor costs by driving down employee wages. Its primary strategy for doing so is the knowing employment of illegal immigrants for unskilled positions in its processing plants.

14. Illegal immigrants, because of their impoverished economic state, their desperate need for employment and their illicit presence in this country, tend to work for wages significantly below what a labor market comprised of U.S. citizens would pay.

3

15.  Illegal immigrants can also be exploited in other ways as well: Owing to their constant fear of apprehension by law enforcement authorities. Alatrade's illegal immigrant workers tolerate unsafe workplace conditions and do not tend to file worker's compensation claims when they are injured on the job.

16.  Alatrade was unable to attract large numbers of illegal immigrants to work for the company on its own. Consequently it relied on temporary employment services to provide low-wage unskilled labor.

17.  In early 2002 Davis Lee primary owner and CEO of Alatrade funded the formation of a personnel staffing company. The personnel staffing company was called Job Source to be started up by three women that had experience running a personnel staffing company. The three women were plaintiff Lisa Schlarb, Catherine Black and Velma Lopez, who were operating a staffing company by the name of Job Connections. The three women had no ownership in Job Connections, but understood they would each own seventeen percent of the new company for a majority interest and thus be able to control their own company.

18.  Plaintiff Schlarb, Black and Lopez quit their jobs at Job Connection to start the new staffing company. Danny Yancy a mortgage broker and husband of Patty Yancy, was to have a law firm draw up the legal documents for the new company. Patty Yancy, the chief financial officer of Alatrade, provided accounting work for the new staffing company.

19.  During the first few months after start up of Job Source, Danny Yancy introduced plaintiff and Catherine Black to different people as his partners. At the time plaintiff Schlarb, Black and Lopez formed the new staffing company they each believed

4

they were collectively majority owners and were allowed to make the major business decisions and to operate the business as if they were in fact the majority owners.

20.  In May 2002 another staffing company terminated its contract with Alatrade and in June 2006 Job Source began providing staffing services for Alatrade.

21.  In June 2002 Job Source began providing personnel for Alatrade. To accomplish this it was necessary to process the workers as new employees including new INS I-9s. A large percentage of those old employees were illegal immigrants. This was done with a wink and a nod by Davis Lee, Patty Yancy and Danny Yancy

22.  The demands for personnel by Alatrade were such that sufficient numbers of legal workers could not be found and immigrant workers with dubious or suspicions documentation were hired and provided to Alatrade. Plaintiff Schlarb began to have disagreements with Davis Lee about illegal immigrants being provided to meet Alatrade's demands. Plaintiff Schlarb had numerous discussions with Lee about illegal workers and plant safety as workers injuries increased.

23.  As Alatrade expanded its operations from one to three processing plants the demand for hourly workers increased and so did the number of illegal immigrant workers.

24.  As relations between plaintiff Schlarb and Davis Lee deteriorated over the issue of illegal immigrants and plant safety the three women began pressing Danny Yancy for their documents of ownership. Danny Yancy repeatedly told Schlarb, Black, and Lopez that the legal documents were being drawn by lawyers and finally produced a proposed agreement characterizing them as employees rather then owners. At that time a serious disagreement ensued about the percentage of ownership the women would each have. At

5

that time Danny Yancy never told Schlarb, Black and Lopez they would not receive a percentage of ownership but that they would only receive ten percent each. The women refused to accept ten percent believing he would concede to their seventeen percent each as they originally understood they would receive. On February 23, 2003 Danny Yancy and Davis Lee told plaintiff Schlarb she was terminated and excluded her from the business. Danny Yancy later issued Black and Lopez each ten percent ownership in the business. As Alatrade's needs for more workers increased the number of illegal immigrants hired increased exponentially  and correspondingly so did the profits of Alatrade and Job Source.

## IV.    THE RACKETEERING ACTS

25.  In order to perpetrate the Illegal Hiring Scheme, Alatrade, Lee and the Yancys knowingly directed the hiring of illegal workers, who have been harbored and/or smuggled, in violation of § 274 of the Immigration and Nationality Act.

26.  Plaintiff believes the defendants have committed at least ten violations of the act in each year since 2001 with actual knowledge that each individual hired was smuggled into the U.S. and harbored one here, and that its violations are ongoing and continuous.

27.  The violations of the Act is one of the predicate offences under RICO 18 U.S.C. § 1961(1)(F).

## V.    RICO ENTERPRISES

28.  As detailed above Alatrade has formed an association in fact with Davis Lee, Patty Yancy and Danny Yancy for the purpose of executing an essential aspect of the Illegal Immigrant Hiring Scheme: the identification and recruitment for employment of Illegal Immigrants who are willing to be exploited by Alatrade. Alatrade could not

successfully conduct the Illegal Immigrant Hiring Scheme without this enterprise and its success in executing the Scheme for several years is the result of the defendants funding and enticing Schlarb, Black and Lopez to leave their jobs and form a new personnel staffing company that defendants could seize control of and recruit and employ illegal immigrants. Once Job Source carrying out a legitimate personnel staffing business, entered its relationship with Alatrade the only way to provide sufficient personnel to operate Alatrade's processing plants was to reprocess and hire illegal immigrants already working in Alatrade's plants that had been provided by another staffing company. Once that was accomplished the defendants could keep Schlarb, Black and Lopez working in the scheme through economic blackmail. Schlarb, Black and Lopez quit their other jobs to start up Job Source and had families to provide for.

29. Although Schlarb was excluded from her own business the other two women Black and Lopez were subjected to the same economic extortion in addition to the threat of legal problems resulting from the hiring of the illegal immigrants.

30. Only through the participation of each defendant could Alatrade have successfully executed its illegal immigrant hiring scheme.

## VI.    PRAYER FOR RELIEF

Plaintiff demands judgment  as follows:

A.  Judgment in an amount equal to three times the damage caused the plaintiff by Alatrade's racketeering activity, the Illegal Immigrant Hiring Scheme, pursuant to 18 U.S.C.§. 1964(a)(c)(d);

B.  Appropriate attorney's fees, pursuant to 18 U.S.C. § 1964;

C.  Trial by jury, pursuant to Fed. R. Civ. P. 38;

PLAINTIFF RESPECTFULLY REQUEST TRIAL BY JURY


DATED:        February 16, 2007.


                              ROBERT W. HANSON
                              8401 Highway 431 North
                              Albertville, Alabama 35950
                              256-878-2274

                              Attorney for Plaintiff